*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-138

AUGUST TERM, 2015

| | | |
|---|---|---|
| Dylan Cady | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orleans Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Andrew Pallito, Commissioner, | } | DOCKET NO. 130-5-14 Oscv |
| Department of Corrections | | |

Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Plaintiff filed a request for review of governmental action under Vermont Rule of Civil Procedure 75 after the Department of Corrections (DOC) imposed a disciplinary violation for attempting to introduce tobacco into a correctional facility. Plaintiff appeals the trial court's order granting summary judgment to defendant. On appeal, plaintiff argues that there is insufficient evidence to support the violation. We reverse and remand.

The following facts are undisputed. Plaintiff is an inmate in the custody of the DOC at the Northern State Correctional Facility in Newport. On April 19, 2014, a visitor arrived at the correctional facility to visit plaintiff, and, following a search, a correctional officer discovered tobacco wrapped in cellophane in the visitor's sock. The visitor left the facility, and plaintiff was cited for attempting to introduce tobacco into a correctional facility. Two days later DOC staff intercepted a letter to plaintiff from his father stating: "I'm telling you im gonna send a little something with monster, you better be greased and ready to violate yourself." Following a hearing, plaintiff was found guilty of the disciplinary violation based on the visitor's hidden contraband and the letter from his father. Plaintiff appealed to the facility superintendent, who upheld the conviction. Plaintiff then filed this Rule 75 complaint.

The parties cross-moved for summary judgment. Among other things, plaintiff argued that the evidence was insufficient to support an inference that he had attempted to introduce tobacco into the facility because the letter did not arrive until after the visitor came to the facility and there was no evidence that plaintiff was aware that the visitor would bring tobacco. The court granted summary judgment to defendant. The court explained that the fact that a visitor arriving to see plaintiff had tobacco secreted on his person was at least circumstantial evidence that plaintiff had knowledge of and participated in a plan to introduce tobacco into the correctional facility. The court explained that the letter provided additional circumstantial evidence of plaintiff's involvement. The court concluded that this was some evidence of plaintiff's attempt to introduce tobacco into the facility and sufficient to support the violation.

On appeal, plaintiff contends that the trial court erred in granting summary judgment to defendant because the evidence does not indicate that he was involved in the plan to introduce tobacco into the facility and therefore that he lacked the requisite intent.

"In reviewing a grant of summary judgment, this Court uses the same standard as the trial court." Madden v. Omega Optical, Inc., 165 Vt. 306, 309 (1996). Summary judgment is appropriate where there are no issues of material fact and a party is entitled to judgment as a matter of law. V.R.C.P. 56(a). "Additionally, when reviewing administrative action by the DOC under V.R.C.P. 75, we will not interfere with the DOC's determinations absent a showing that the DOC clearly and arbitrarily abused its authority." King v. Gorczyk, 2003 VT 34, ¶ 7, 175 Vt. 220. When reviewing an inmate disciplinary decision, this Court "need find only that there was 'some evidence' in order to uphold a conviction." Id. (quoting LaFaso v. Patrissi, 161 Vt. 46, 49 (1993)). This standard is met when "there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id.

Plaintiff argues that the DOC failed to support the disciplinary violation because to prove that he attempted to introduce tobacco, the DOC was required to meet the criminal attempt standard. See 13 V.S.A. § 9(a) (listing elements of attempt, including "an act toward the commission" of an offense); see State v. Synnott, 2005 VT 19, ¶ 22, 178 Vt. 66 ("An attempt requires intent to commit a particular crime and an overt act designed to carry out that intent." (quotation omitted)). The DOC responds that because prison disciplinary proceedings are not criminal prosecutions, the definition of attempt is defined by the administrative directive and not by the criminal law. A DOC directive defines "attempt" as conduct that "is likely to result in an act prohibited by this directive."

We need not reach the question of whether the criminal definition of attempt applies because we conclude that under either definition of attempt DOC failed to meet the "some evidence" standard. The disciplinary violation charged in this case was that plaintiff attempted to introduce tobacco "onto the grounds of a correctional facility." The evidence does not support even an inference that plaintiff attempted to introduce tobacco into the facility. The fact that a visitor arriving to see plaintiff had tobacco on his person could support an inference that the tobacco was intended for plaintiff, but does not support an inference that plaintiff knew in advance that the tobacco would be brought to him or that he invited, encouraged, or in any way participated in the attempt to introduce it. The visitor did not provide a statement regarding plaintiff's involvement, and there was no evidence to show that plaintiff was expecting it.

Further, the most that can be inferred from plaintiff's father's letter is that plaintiff's father intended to send tobacco to plaintiff. Plaintiff did not receive the letter before the events giving rise to this disciplinary violation, and so the letter in itself does not support an inference that plaintiff knew to expect the delivery. Moreover, the language of the letter, if anything, indicates that plaintiff did not know the tobacco would arrive. The letter is phrased as providing plaintiff with notice of his father's actions; it does not imply that plaintiff already knew about the plan, or that he had requested, encouraged, or in any way participated in his father's actions. Therefore, even under the narrow standard applied to review of DOC disciplinary violations, we conclude that the DOC failed to provide some evidence of defendant's guilt. The trial court

therefore erred in granting DOC summary judgment, and denying plaintiff's summary-judgment motion.

Reversed and remanded with instructions to grant summary judgment to plaintiff.

BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice